IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ANTONIO RODRIGUEZ,<br><br>                Defendant. | 8:01CR3123<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the Defendant's motions to: vacate the Judgment under Federal Rule of Civil Procedure 60(b) and under 18 U.S.C. § 3582(c) (Filing No. 271); and a petition for a writ of audita querela under 28 U.S.C. § 1651 and a transfer of the case and diversion of the writ of audita querela under 28 U.S.C. § 1631, et seq. (Filing No. 272).

      The motions (Filing Nos. 271, 272) are construed as motions to vacate, set aside, or correct Rodriguez's sentence under 28 U.S.C. § 2255 ("§ 2255 motions"), and the latter motion (Filing No. 272) is also construed as a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines.

## FACTUAL BACKGROUND

      The Defendant, Antonio Rodriguez, was found guilty after a jury trial of Count I of the Indictment charging him with conspiring to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine. On December 19, 2002, the Defendant, Antonio Rodriguez, was sentenced to 262 months imprisonment. On direct appeal, the case was affirmed in part, reversed in part, and remanded for resentencing. Resentencing resulted in a sentence of 360 months imprisonment. Rodriguez filed a direct appeal after resentencing. On July 14, 2006, the Eighth Circuit granted

Rodriguez's motion to dismiss his appeal. The motions now before the Court, filed on September 10, 2012, followed.

## DISCUSSION

**I.    § 2255 Motions**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On July 14, 2006, the Eighth Circuit dismissed Rodriguez's appeal on his own motion. Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case began to run on July 14, 2006. *Campbell-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Because Rodriguez's § 2255 motions were filed on September 10, 2012, the motions are untimely. The motions are summarily denied.

**18 U.S.C. § 3582(c)(2)/Amendment 750 Motion**

Rodriguez apparently[1] requests relief under 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines relating to crack cocaine. Rodriguez's

---

[1] Although Rodriguez includes a reference to § 3582(c)(2) and Amendment 750 in the caption of his motion (Filing No. 271), his motion includes no argument with respect to these provisions.

offense involved methamphetamine and powder cocaine and, therefore, any argument that might be raised under these provisions is meritless. The motion is denied as moot.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing Nos. 271, 272);

2. Upon initial review, the Court summarily denies the Defendant's § 2255 motions as untimely, and therefore the motions (Filing Nos. 271, 272) are summarily denied;

3. The Defendant's motion for relief under 18 U.S.C. § 3582(c)(2) and Amendment 750 (Filing No. 271) is denied as moot;

4. A separate Judgment will be issued denying the motions; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 18th day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge